Chief J ustico Bibb
delivered the Opinion of the Court.
Stipe sued James Trimble, in detinue, and upon the plea of non detinet, the plaintiff has a verdict and judgment, from which the defendant appealed.
The first hill of exceptions taken in the cause, states that the plaintiff introduced witnesses “to prove the property sued for in the declaration mentioned, was given to a certain Miss Betsy Trimble, and that the said Stipe, the plaintiff, intermarried with Miss Trimble, in right of whom he claims the whole property, to which proof the denfendant objected as being inadmissible, because there is no allegation in the declaration of such matter; which objection the court coverrided.”
The second bill of exceptions states, that the plaintiff’introduced a witness “who testified that James Trimble, the defendant, proposed to sell him the sorrel horse in controversy, that he afterwards saw John Trimble the father, who stated that the horse belonged to his daughter Betsy; he after-wards saw James, (the defendant,) who admitted the horse was Betsy’s, hut said he could clq as he pleased with him.” The defendant objected “to so much of the testimony of the witness, as referred to what John Trimble told him as being of the hearsay character;” hut the court permitted the statement of what John Trimble said, “connected with the other evidence” of the witness, to go to the jury.
We regret to sec any licensed attorney and counsellor at law, teasing a court with such bills of exception.
The third hill of exceptions is to the opinion of the court, in refusing a new trial. The evidence for tiie plaintiff is satisfactory, that the right of property and possession was in his wife before their *265 'intermarriage, and that neither the wife before marriage, nor the husband had ever parted with it; and the great cause of insufficiency which the counsel below seems to have supposed, arises from his supposition, that it was erroneous for the husband to sue alone to recover the property which he claimed in right of his wife.
Verdict, find-, ing the de- . tention of th^ , goods and the value of the sevetal articles, uif to be had, if not $200 in damages,” is sufficient, the latter claim being surplusage and to be disregarded.
The verdict' of the jury finds the value of the articles of the property of the plaintiff detained by the defendant, separately, which amounts when added, to two hundred dollars, “if to be had, if not, then the sum of two hundred dollars in damages.” The judgment pf the court, is according to the verdict: that the plaintiff recover of the defendant, the several articles with their respective valuations found by the jury, “if to be had, if not, then the sum of two hundred dollars the damages, by the jurors, in their verdict aforesaid assessed, and also his costs” &c.
The verdict instead of finding damages for the detention, has assessed together the respective valuations before added by the jurors; and made that valuation as damages to be recovered in Gase the property cannot be had. It has omitted to find any damages for detention. The verdict is good in substance; the omission to find any damages for detention is not fatal; it precludes the plaintiff from recovering in this or any other suit, damages for the detention which the jury might have found. The issue is found for the plaintiff, and the value of the property is found. The judgment should have disregarded the alternative finding of the jury as surplusage, and have been, that the plaintiff recover the property, found by the jury to belong ,tp the plaintiff if to be had, if not, the values assessed upon the articles respectively, by the jury, together with costs. Because one or more of the articles could not be delivered upon a distringas, the plaintiff ought not to be permitted to take those which could be delivered to him, and the whole value of $200, by way of damages, for not delivering the residue.
Form of a judgment in detinue for several articles.
Crittenden and Hewitt, for appellant; Mayes, for appellee.
It is, therefore, considered by the court, that the judgment aforesaid be set aside, and the cause remanded to the circuit court, with directions to enter a judgment, for the plaintiff, for the several articles of property, found by the verdict, as belonging to the plaintiff, if to be had, if not, then the respective valuations thereof as found by the jury; disregarding the alternate finding of damages; and a judgment for costs is also to be entered for the plaintiff.
And it is farther considered, that the appellant recover his costs in this court expended.